UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------------x

SIMONE TEAGLE, THERESA M. MAHON, MELISSA                     COMPLAINT
SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH
ORTIZ, on behalf of themselves and a class of similarly situated
individuals                                                           JURY DEMAND

Plaintiffs,

-against-

THE CITY OF NEW YORK; MICHAEL RUBENS
BLOOMBERG, as Former Mayor; BILL de BLASIO, as Mayor;
MARTHA H. HIRST, as Former Commissioner – Department
of Citywide Administrative Services; EDNA WELLS HANDY,
as Former Commissioner – Department of Citywide Administrative
Services; STACEY CUMBERBATH, as Former Commissioner –
Department of Citywide Administrative Services; LISETTE
CAMILO, as Commissioner – Department of Citywide Administrative
Services; RAYMOND WALTER KELLY, as Former Commissioner –
Police Department City of New York; WILLIAM JOSEPH
BRATTON, as Former Commissioner – Police Department City of New
York; JAMES PATRICK O'NEILL, as Former Commissioner – Police
Department City of New York; DERMOT FRANCIS SHEA, as
Commissioner – Police Department City of New York; TRACIE
KEESEE, as Former Deputy Commissioner, Office of Equity and
Inclusion – Police Department City of New York; TANYA
MEISENHOLDER, as Deputy Commissioner, Office of Equity and
Inclusion – Police Department City of New York; JERRY
O'SULLIVAN, as Commanding Officer, 113th Precinct; JOZEF BAN,
as Integrity Control Officer, 113th Precinct; ROXANNE LUDEMANN,
as Sergeant, 113th Precinct; KURT NASON, as Sergeant, 113th Precinct;
MARIA GILBERT, as Sergeant Investigator, Office of Equity and
Inclusion; MICHAEL DEDDO, as Commanding Officer, 66th Precinct;
PHILLIP LAM, as Administrative Lieutenant, 66th Precinct; DOROTHY
AIELLO, as Sergeant Investigator, Office of Equity and Inclusion;
ERNEST MORALES, III, as Commanding Officer, 42nd Precinct;
MICHELLE BRAY, as Administrative Lieutenant, 42nd Precinct;
JESSICA COREY, as Commanding Officer, Central Park Precinct;
JAMES KING, as Commanding Officer, 61st Precinct; KEVIN MURTHA,
as Administrative Lieutenant, 61st Precinct; MIGUEL GARCIA, as
Police Officer, 61st Precinct; HOWARD ZWEBEN, as Integrity Control
Officer, 61st Precinct; PAWEL MASLINSKI, as Sergeant, 61st Precinct
and KEVIN CASCONE, as Sergeant, 61st Precinct each sued individually
in their official capacities as employees of Defendant THE CITY OF
NEW YORK

--------------------------------------------------------------------------------x

Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA

SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ through THE SANDERS

FIRM, P.C., files this federal complaint against Defendants' THE CITY OF NEW YORK;

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA

WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER

KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS

SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN;

ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO;

PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY;

JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD

ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE respectfully set forth and allege that:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy

         Discrimination Act of 1978;

      b.      Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.      New York State Executive Law § 296;

      d.      New York City Administrative Code § 8-107, as amended by the Pregnant

         Workers Fairness Act of 2014.

2.      The unlawful employment practices, violations of Plaintiffs' SIMONE TEAGLE,

THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and

ELIZABETH ORTIZ 'S civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ have filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ allege that on or about May 1, 2017, they filed Charges of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), Complaint Nos.:  520-2019-01770 (Simone Teagle), 520-2019-XXXXX (Theresa M. Mahon), 520-2019-XXXXX (Melissa Soto-Germosen), 520-2019-XXXXX (Viviana Ayende), and 520-2019-XXXXX (Elizabeth Ortiz).

5.      Plaintiff SIMONE TEAGLE allege that on or about November 27, 2019, she received a Notice of Right to Sue from the United States Department of Justice.[1]

6.      Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ are not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

## RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### A.      Class Definition

---

[1] Although requested at the same time, as of this filing the remaining Plaintiffs' THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ have not received their Notices of Right to Sue from the United States of Justice but, if necessary will be added to the complaint upon receipt.

7.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ seek to maintain claims individually and on behalf of the following class:

> Nursing Mothers Class
> All female employees that have or will be employed with Defendant THE CITY OF NEW YORK and assigned to the Police Department City of New York (NYPD) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class").

8.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ are members of the proposed class (collectively, the "Rule 23 Class" or the "Rule 23 Class Members").

9.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ reserve the right to amend the definitions of the Rule 23 Class based on discovery or other legal developments.

10.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that the patterns, practices or policies described in this federal complaint demonstrate that pregnancy discrimination is common within the NYPD and shows that such unlawful conduct is part of its' operating patterns, practices or policies.

**B.     Numerosity and Impracticality of Joinder**

11.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the Rule 23 Class, upon information and belief, consist of more than 500, past, present and future female employees that fit within the class. The NYPD presently employs more than 50,000 employees. The Rule 23 Class Members are sufficiently numerous to make joinder impractical.

## C.    Efficiency of Class Prosecution of the Rule 23 Class Claims

12.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that certification of the proposed Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact that are common to the legal claims.

13.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that their individual claims require resolution of the common questions concerning whether within the NYPD co-workers, supervisors, managers and/or executives have engaged in a pattern or practice of pregnancy discrimination against female employees.

14.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that to obtain relief for themselves and the other Rule 23 Class Members, they seek to establish the existence of systemic unlawful pregnancy discrimination within the NYPD.

15.    Without certification of the Rule 23 Class, the same evidence and related legal issues would be subject to a multitude of individual lawsuits in different forums with the attendant risk of inconsistent adjudications and conflicting outcomes.

16.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that certification of the Rule 23 Class is the most efficient means of presenting the evidence and arguments necessary to resolve the underlying issues for them, the other Rule 23 Class Members, and Defendant THE CITY OF NEW YORK (NYPD).

## D.    Common Questions of Law and Fact

17. The claims alleged on behalf of the Rule 23 Class Members raise questions of law and facts common to each of the Rule 23 Class Members. These questions include inter alia, whether within the NYPD coworkers, supervisors, managers and/or executives:

- Treated nursing mothers differently from similarly situated non-nursing employees that resulted in unequal and adverse treatment in violation of federal, state and city law;
- Regularly failed to make reasonable accommodations for nursing mothers that required medically necessary absences;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers, nursing mothers that require accommodations due to pregnancy related complications;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers and their need or choice to express milk during work hours;
- Implemented discretionary, subjective protocols that relate to requests for time off, work absences or requests not to travel made by nursing mothers;
- Engaged in patterns, practices and/or policies fostering and resulting in systemic unlawful pregnancy discrimination against female employees with respect to their need or choice to express milk in the workplace;
- Engaged in repeat systemic marginalization and indifference towards nursing mothers who complained about pregnancy discrimination;
- Regularly subjected nursing mothers to hostility, ridicule, special rules and strict scrutiny;
- Regularly subjected nursing mothers to retaliatory actions including denying denial of reasonable accommodations, refusing to participate in the cooperative dialogue surrounding an accommodation request, etc.; and
- Failing to investigate or remedy complaints about pregnancy discrimination or otherwise ignored such complaints.

18. Thus, the common question requirement of FRCP 23(a) is satisfied.

### E. Typicality of Claims and Relief Sought

19. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ are members of the Rule 23 Class they seek to represent.

20. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ's alleges that their claims are

typical of the claims of the Rule 23 Class in that they all arise from the same unlawful patterns, practices and/or policies within the NYPD, and are based on the legal theory that these patterns, practices and/or policies violate legal rights protected by federal, state and local law.

21. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ allege that they and the other Rule 23 Class Members are each the victim of unlawful adverse employment decisions within the NYPD because they became pregnant during their employment.

22. The relief Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ seek for the unlawful patterns, practices and/or policies within the NYPD is typical of the relief which is sought on behalf of the Rule 23 Class Members.

23. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that the pregnancy discrimination they experienced is typical of that experienced by the other Rule 23 Class Members.

24. Within the NYPD, female employees who are or have been pregnant are subjected to a workplace culture dominated by male policymakers.

25. The workplace culture has affected Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members in the same or similar ways.

26. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that they and the other Rule 23 Class Members have been affected in the same or similar ways by the NYPD'S failure

to investigate claims of pregnancy discrimination and its failure to promulgate and enforce adequate procedures designed to detect, monitor, and correct this pattern and practice of pregnancy discrimination.

27.     The relief necessary to remedy the legal claims of Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ is the same as claims of the other Rule 23 Class Members.

28.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ request individually and on behalf of the other Rule 23 Class Members, declaratory and injunctive relief.

29.     The request for a declaratory judgment is the same for Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ individually and the other Rule 23 Class Members, namely, that within the NYPD coworkers, supervisors, managers and/or executives engaged in discretionary, subjective protocols that disfavors female employees that require accommodations due to pregnancy related complications or employees that will need or choose to express milk during work hours.

30.     The request for injunctive relief is the same for Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ individually and the other Rule 23 Class Members, namely, that a permanent injunction is ordered against these discriminatory practices, as well as an order for injunctive relief that mandates new policies and practices within the NYPD that cease such continuing pregnancy discrimination and ensures that such complaints will no longer be ignored or marginalized.

31.     Thus, the typicality requirement of FRCP 23(a) is satisfied.

### F.      Adequacy of Class Representation

32.      The interests of Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ are the same as those of the other Rule 23 Class Members that they seek to represent in the instant case.

33.      Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ are willing and able to represent the Rule 23 Class Members fairly and vigorously as they pursue their similar individual claims.

34.      Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ have retained counsel who is qualified and experienced in handling complex employment and civil rights matters, and is able to meet the time and fiscal demands necessary to litigate a class action of this size.

35.      The combined interests, experience and resources of Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and their counsel to competently litigate the individual and the Rule 23 Class claims satisfy the adequacy of representation requirement of FRCP 23(a).

### G.      Requirements of Rule 23(b)(2)

36.      Without class certification, the same evidence and related legal issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting outcomes.

37.      Specifically, evidence of the NYPD'S patterns, practices and/or policies, and the issue of whether they are in violation of federal, state and local law would be repeatedly litigated.

38.      Accordingly, certification of the proposed Rule 23 Classes is the most efficient and judicious means of presenting the evidence and legal arguments necessary to resolve such

questions for Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ, the other Rule 23 Class Members and the NYPD.

39.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ alleges that on behalf of themselves and the other Rule 23 Class Members, within the NYPD the management promulgated and enforced rules that led to systemic patterns, practices and/or policies that are discriminatory towards pregnant female employees and nursing mothers that need or choose to express milk during work hours.

40.     These discriminatory acts are not sporadic or isolated, and must be addressed through final injunctive and declaratory relief with respect to Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members.

41.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic pregnancy discrimination against the Rule 23 Class Members.

42.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members' entitlement to monetary and non-monetary remedies necessary to address the discriminatory conduct within the NYPD.

43.     Accordingly, injunctive and declaratory relief is among the predominant forms of relief sought in this case.

**H.    Requirements of Rule 23(b)(3)**

44.    The common issues of fact and law affecting the Rule 23 Class claims, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ'S individual claims.

45.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ claims and the claims of the other Rule 23 Class Members.

46.    The cost of proving within the NYPD'S pattern and practice of pregnancy discrimination makes it impractical for the Rule 23 Class Members to pursue their claims individually.

**I.    Requirements of Rule 23(c)(4)**

47.    In the alternative, the Court may grant partial or issue certification pursuant to Rule 23(c)(4). Resolving common questions of fact and law would serve to materially advance litigation for all Rule 23 Class Members.

**SUMMARY OF THE RULE 23 CLASS CLAIMS**

48.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ allege that this federal complaint is filed to exhaust all class-based disparate treatment, class-based disparate impact, and all other class-based claims actionable within the NYPD under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment,

including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

49.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ files this federal complaint on behalf of themselves and all other Rule 23 Class Members appointed[2] to the Police Department City of New York ("NYPD") who claim that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

50.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ allege that through this federal complaint they and the other Rule 23 Class Members appointed to the NYPD, seek all injunctive, equitable, legal, monetary, punitive, and/or other forms of relief that are available under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

---

[2] For the purposes of this litigation, includes all uniformed and non-uniformed female employees of the NYPD.

51.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ allege that this federal complaint intends to toll the Statute of Limitations for them and the other Rule 23 Class Members appointed to the NYPD who may have similar claims and to piggy-back on any prior charges that other individuals have filed challenging the same practices.

52.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

53.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

54.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that to continue producing an adequate milk supply and to avoid painful

complications associated with delays in expressing milk,[3] a nursing mother will typically need to breastfeed or express breast milk using a pump two or three times over the duration of an eight-hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN SERVS., https://www.womenshealth.gov/breastfeeding.

55. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that an employee must have the same freedom to address such lactation-related needs that she and her co-workers would have to address other similarly limiting medical conditions.

56. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that because only women lactate, a practice that singles out lactation or breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

57. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that it would violate Title VII for the NYPD through its agents to freely permit employees to use break time for personal reasons except to express breast milk.

58. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, under New York State Labor Law 206-c, the NYPD is required to provide reasonable unpaid break time or permit an employee to use paid break time

---

[3] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF BREASTFEEDING 385 (8th ed. 2010)

or meal time each day to allow an employee to express breast milk for her nursing child for up to three years following child birth.

59.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the NYPD is required to make reasonable efforts to provide a room or other location, near the work area, where an employee can express milk in privacy.

60.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

61.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, they have had to express milk in-front of other male and female employees, pump in a female bathroom, pump in the female locker room, pump in department vehicles, pump in other department facilities, pump in their personal vehicles, pump in bathrooms throughout the neighborhood, or cease to pump.

62.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the NYPD is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

63.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the NYPD is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

64.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

65.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that on or about October 2, 2013, Defendant THE CITY OF NEW YORK

enacted Local Law 78, the Pregnant Workers Fairness Act, to affirmatively require employers to reasonably accommodate "the needs of an employee for her pregnancy, childbirth, or related medical condition," without necessitating that the employee's limitation qualifies as a disability to be protected.

66.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, employees may request accommodations based on pregnancy, childbirth, or related medical condition even if their medical condition does not amount to a disability.

67.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, places limitations upon the NYPD'S ability to limit the amount of time for nursing mothers to express milk unless they can establish the time needed presents an undue hardship.

68.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, the NYPD must provide a clean and private area, other than a bathroom, and must provide a refrigerator to store breast milk in the workplace.

69.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, it requires that the NYPD permit nursing mothers to "express milk at their usual work station … so long as it does not

create an undue hardship for the NYPD, regardless of whether a coworker, [supervisor, manager or executive expresses discomfort.]"

70. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 185, amended the New York City Administrative Code § 8-107, requiring the NYPD to provide: (1) a lactation room in reasonable proximity to such employee's work area; and (2) a refrigerator suitable for breast milk storage in reasonable proximity to such employee's work area.

71. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 186, amended the New York City Administrative Code § 8-107, requiring the NYPD to develop and implement a written policy regarding the provision of a lactation room, which shall be distributed to all employees upon hiring. The policy shall include a statement that employees have a right to request a lactation room, and identify a process by which employees may request a lactation room.

72. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to accommodate

nursing mothers with properly fitted equipment such as shirts, pants, belts, protective ballistic vests, etc.

73.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to protect nursing mothers' permanent work assignments upon return from maternity leave.

74.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege since August 15, 2007, nursing mothers choose to take extended leaves of absence without pay to protect their legal right to express milk because the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents does not accommodate them negatively impacting their career opportunities and pension rights.

75.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege since August 15, 2007, the NYPD through its agents Defendants' MICHAEL

RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to accommodate nursing mothers with work assignments conducive to ensure their physical and mental ability to care for themselves and their children.

76.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to ensure nursing mothers are active partners during the interactive process to accommodate their requests.

77.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to ensure the workplace is free of hostilities, ridicule and shame from coworkers, supervisors, managers and/or executives regarding the rights of nursing mothers.

78.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents failed to ensure the workplace is free of retaliatory actions such as punishment posts, changed assignments upon return from maternity leave, changes of assignments, patrol assignments, meals denials, etc., thus ensuring the employee's inability to express milk during work hours, etc., from coworkers, supervisors, managers and executives regarding the rights of nursing mothers.

79.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents assigned to the NYPD Office of Equity and Inclusion fails to investigate allegations of pregnancy discrimination in the workplace.

80.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants'

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents assigned to the NYPD Internal Affairs Bureau fails to investigate allegations of retaliation for opposing pregnancy discrimination in the workplace.

81.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents assigned to the NYPD Personnel Bureau failed to ensure compliance with federal, state and local laws regarding the rights of nursing mothers rights in the workplace.

82.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents assigned to the NYPD

Legal Bureau failed to ensure compliance with federal, state and local laws regarding the rights of nursing mothers rights in the workplace.

83.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents are not in compliance with federal, state and local laws that protects nursing mothers legal rights in the workplace.

## THE PARTIES

84.     Plaintiff SIMONE TEAGLE lives in Queens County, New York.

85.     Plaintiff THERESA MAHON lives in Kings County, New York.

86.     Plaintiff MELISSA SOTO-GERMOSEN lives in Orange County, New York.

87.     Plaintiff VIVIANA AYENDE lives in Putnam County, New York.

88.     Plaintiff ELIZABETH ORTIZ lives in Suffolk County, New York.

## DEFENDANTS'

89.     Defendant THE CITY OF NEW YORK as a municipal employer. Although Defendant THE CITY OF NEW YORK is the employer, for the purposes of this litigation, Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members at times will make reference to their assigned agency which is the NYPD.

90.     Defendant MICHAEL RUBENS BLOOMBERG, as Former Mayor of the City of New York.

91.     Defendant BILL de BLASIO, as Mayor of the City of New York.

92.     Defendant MARTHA H. HIRST, as Former Commissioner – Department of Citywide Administrative Services.

93.     Defendant EDNA WELLS HANDY, as Former Commissioner – Department of Citywide Administrative Services.

94.     Defendant STACEY CUMBERBATH, as Former Commissioner – Department of Citywide Administrative Services.

95.     Defendant LISETTE CAMILO, as Commissioner – Department of Citywide Administrative Services.

96.     Defendant RAYMOND WALTER KELLY, as Former Commissioner – Police Department City of New York.

97.     Defendant WILLIAM JOSEPH BRATTON, as Former Commissioner – Police Department City of New York.

98.     Defendant JAMES PATRICK O'NEILL, as Former Commissioner – Police Department City of New York.

99.     Defendant DERMOT FRANCIS SHEA, as Commissioner – Police Department City of New York.

100.    Defendant TRACIE KEESEE, as Former Deputy Commissioner, Office of Equity and Inclusion – Police Department City of New York.

101.     Defendant TANYA MEISENHOLDER, as Deputy Commissioner, Office of Equity and Inclusion – Police Department City of New York.

102.    Defendant JERRY O'SULLIVAN, as Commanding Officer, 113th Precinct.

103.    Defendant JOZEF BAN, as Integrity Control Officer, 113th Precinct.

104.    Defendant ROXANNE LUDEMANN, as Sergeant, 113th Precinct.

105.    Defendant KURT NASON, as Sergeant, 113th Precinct.

106.    Defendant MARIA GILBERT, as Sergeant Investigator, Office of Equity and Inclusion.

107.    Defendant MICHAEL DEDDO, as Commanding Officer, 66th Precinct.

108.    Defendant PHILLIP LAM, as Administrative Lieutenant, 66th Precinct.

109.    Defendant DOROTHY AIELLO, as Sergeant Investigator, Office of Equity and Inclusion.

110.    Defendant ERNEST MORALES, III, as Commanding Officer, 42nd Precinct.

111.    Defendant MICHELLE BRAY, as Administrative Lieutenant, 42nd Precinct.

112.    Defendant JESSICA COREY, as Commanding Officer, Central Park Precinct.

113.    Defendant JAMES KING, as Commanding Officer, 61st Precinct.

114.    Defendant KEVIN MURTHA, as Administrative Lieutenant, 61st Precinct.

115.    Defendant MIGUEL GARCIA, as Police Officer, 61st Precinct.

116.    Defendant HOWARD ZWEBEN, as Integrity Control Officer, 61st Precinct.

117.    Defendant PAWEL MASLINSKI, as Sergeant, 61st Precinct.

118.    Defendant KEVIN CASCONE, as Sergeant, 61st Precinct.

## PREGNANCY DISCRIMINATION ACT[4]

### PDA Coverage

---

[4] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers Fairness Act (PWFA).

119.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the Pregnancy Discrimination Act (PDA) is an amendment to Title VII of the Civil Rights Act of 1964.

120.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the PDA, discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination in violation of Title VII.

121.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the PDA, women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work.

**Discrimination Based on Lactation and Breastfeeding**

122.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

123.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment

of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston*

*Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of

pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact

that a woman is lactating clearly imposes upon women a burden that male employees need not

suffer).

124.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that to continue producing an adequate milk supply and to avoid painful

complications associated with delays in expressing milk,[5] a nursing mother will typically need to

breastfeed or express breast milk using a pump two or three times over the duration of an eight-

hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN

SERVS., https://www.womenshealth.gov/breastfeeding.

125.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that an employee must have the same freedom to address such lactation-related

needs that she and her co-workers would have to address other similarly limiting medical

conditions.

126.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that because only women lactate, a practice that singles out lactation or

breastfeeding for less favorable treatment affects only women and therefore is facially sex-based.

---

[5] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF
MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF
BREASTFEEDING 385 (8th ed. 2010)

127.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that it would violate Title VII for Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents to freely permit employees to use break time for personal reasons except to express breast milk.

## EVALUATING PDA-COVERED NYPD EMPLOYMENT DECISIONS[6]

### Disparate Treatment

128.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

---

[6] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers Fairness Act (PWFA).

129.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer is required but, does not inform nursing mothers of their legal rights such as their right to take unpaid leave for pumping breast milk by placing a public poster in the workplace, promulgate a policy within the NYPD Patrol Guide or other employee handbook or notifying the individual female employees in writing.

130.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that they may take break time to pump breast milk at work for up to three years following the birth of her child.

131.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers they are entitled to at least 20 minutes for each break.

132.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that they may take shorter breaks if they chose.

133.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that they must be allowed more time if they need it.

134.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not allow nursing mothers to take breaks at least once every three hours to pump breast milk.

135.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that they may take these breaks right before or after their regularly scheduled paid break or meal periods.

136.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that if they take breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

137.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers they are entitled to work before or after their normal shifts to make up for the break time they take to pump breast milk, as long as that time falls within the employer's normal work hours.

138.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not

inform nursing mothers they have the option of using their regular paid break or meal time to pump breast milk, but they are not required to do so.

139.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers it is required to provide employees with a private room or other location close to the employee's work area where they can pump breast milk, *unless* it would be extremely difficult for it to do so.

140.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers if it cannot provide a dedicated lactation room, a temporarily vacant room may be used instead.

141.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

142.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers the room or location provided by an employer to pump breast milk cannot be a restroom or toilet stall.

143.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that the place where employees pump breast milk must contain a chair and small table or other flat surface.

144.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that New York State Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

145.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

146.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

147.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the New York State Department of Labor.

148.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD as an employer, is required but does not inform nursing mothers that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards, New York State Division of Human Rights or New York City Commission on Human Rights alleging non-compliance with the law.

149.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the NYPD is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

150.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the NYPD is required to provide "a place, other than a bathroom, that is shielded from view and free from

intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

151.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

**Disparate Impact**

152.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that on October 11, 2018, the NYPD through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL; TRACIE KEESEE and their agents distributed a department-wide bulletin through the NYPD Intranet titled: Leave to Express Milk.

153.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that employer policies that do not facially discriminate based on pregnancy may nonetheless violate this provision of the PDA where they impose significant burdens on pregnant employees that cannot be supported by a sufficiently strong justification. *See* Young v. United Parcel Serv., Inc., --- U.S. ---, 135 S.Ct. 1338, 1354-55 (2015).

154.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that the NYPD through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL; TRACIE KEESEE and their agents distributed a facially discriminatory policy department-wide bulletin through the NYPD Intranet titled: Leave to Express Milk.

155.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the NYPD through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL; TRACIE KEESEE and their agents requires "all employees are eligible to request an accommodation for time and a private space to express breast milk."

156.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the NYPD through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL; TRACIE KEESEE and their agents do not require male and female employees who are not nursing mothers to 'formally' request an 'accommodation' to take personals while on job time.

157.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the NYPD through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL; TRACIE KEESEE and their agents do not require male and female employees who are not nursing mothers to account for the 'necessity' to take a 'personal' while on job time.

158.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that since August 15, 2007, the NYPD through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents are not in compliance with federal, state and local laws that protects nursing mothers legal rights in the workplace.

**Hostile Work Environment**

159.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that under the PDA, an employer must provide a work environment free of harassment based on pregnancy, childbirth, or related medical conditions.

160.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that an employer's failure to do so violates the statute.

161.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that liability can result from the conduct of a supervisor, coworkers, or non-employees such as customers or business partners over whom the employer has some control.[7]

---

[7] For more detailed guidance on what constitutes unlawful harassment and when employers can be held liable for unlawful harassment, *see* EEOC Enforcement Guidance*: Vicarious Employer Liability for Unlawful Harassment by Supervisors* (June 18, 1999), *available at* http://www.eeoc.gov/policy/docs/harassment.html; *Enforcement Guidance on Harris v. Forklift Sys., Inc.* (Mar, 8, 1994), *available at* http://www.eeoc.gov/policy/docs/harris.html; EEOC *Policy Guidance on Current Issues of Sexual Harassment* (Mar. 19,1990), *available at* http://www.eeoc.gov/policy/docs/currentissues.html; 29 C.F.R. § 1604.11.

162.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that as nursing mothers reasonable accommodations they are routinely denied favorable return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

163.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that as nursing mothers their coworkers, supervisors, managers and/or executives subjected them to jeers, sarcastic comments, ostracization, ridicule, extra supervision, extra burdens to document and prove their personal breaks, etc.

164.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that their coworkers, supervisors, managers and/or executives subjected them to this harassment because of their statuses as nursing mothers.

165.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the harassment caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions.

**Retaliation**

166.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that since August 15, 2007, the NYPD through its agents Defendants'
MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA
WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER
KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS
SHEA; TRACIE KEESEE; TANYA MEISENHOLDER and their agents (coworkers,
supervisors, managers and/or executives) assigned or caused assignments of nursing mothers to
punishment posts, outside details, patrol assignments, meals denials, etc., designed to quiet them,
resign and/or frustrate their ability to enforce their legal rights in the workplace.

**INDIVIDUAL CLAIMS**

### Plaintiff SIMONE TEAGLE

167.    Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct,
beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant
JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she
experienced severe engorgement, Mastitis, emotional distress and cessation of her milk supply.

168.    Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct,
beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant
JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she
had to express milk in-front of other female officers.

169.    Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct,
beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant
JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she
had to pump in a female bathroom.

170. Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct, beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she had to pump in the female locker room.

171. Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct, beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she had to express milk in her personal vehicle.

172. Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct, beginning February 2018, Defendant THE CITY OF NEW YORK through its agent Defendant JERRY'OSULLIVAN failed and refused to provide her with a proper location to express milk she had to store the expressed milk in a lunchbox inside of her personal vehicle.

173. Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct, on or about April 19, 2018, she contacted the NYPD Office of Equity and Inclusion about Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JERRY'OSULLIVAN'S failure and refusal to provide her with a proper location to express milk.

174. Plaintiff SIMONE TEAGLE alleges that while assigned to the 113th Precinct, on or about April 19, 2018, she was instructed to fill out for Request for a Reasonable Accommodation.

175. Plaintiff SIMONE TEAGLE alleges that shortly thereafter, Agency Attorney Andrew Vacca, NYPD Office of Equity and Inclusion specifically tasked with the express milk

legal issues told her that he would speak with Defendants' JOZEF BAN and JERRY O'SULLIVAN about her legal rights.

176.    Plaintiff SIMONE TEAGLE alleges that shortly thereafter, Agency Attorney Andrew Vacca, NYPD Office of Equity and Inclusion told her that he was unable to reach Defendants' JERRY O'SULLIVAN or JOZEF BAN.

177.    Plaintiff SIMONE TEAGLE alleges that from April 19, 2018, through August 28, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JERRY'OSULLIVAN failed and refused to provide her with reasonable accommodations such as assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

178.    Plaintiff SIMONE TEAGLE alleges on or about August 28, 2018, Defendant ROXANNE LUDEMANN asked to speak with her.

179.    Plaintiff SIMONE TEAGLE alleges that Defendant ROXANNE LUDEMANN told her that if she wanted to take a 'breast pump' break that she needed to make an entry into the Interrupted Patrol Log.

180.    Plaintiff SIMONE TEAGLE alleges that she informed Defendant ROXANNE LUDEMANN that she is a member of the administrative staff and that no other member must write their personal breaks in the Interrupted Patrol Log. Also, that the Interrupted Patrol Log used to monitor patrol personnel that enter the stationhouse during the tour.

181.    Plaintiff SIMONE TEAGLE alleges later that day, she met with Defendant KURT NASON informing him of the instructions given to her by Defendant ROXANNE LUDEMANN.

182.     Plaintiff SIMONE TEAGLE alleges that she told Defendant KURT NASON, other supervisors at the 113th Precinct including Defendant ROXANNE LUDEMANN are harassing and retaliating against her for asserting her legal right to express milk but, he failed to notify the NYPD Office of Equity and Inclusion.

183.     Plaintiff SIMONE TEAGLE alleges that she told Defendant KURT NASON that she again contacted the NYPD Office of Equity and Inclusion about her legal right to express milk during work hours.

184.     Plaintiff SIMONE TEAGLE alleges that she spoke with Defendant MARIA GILBERT.

185.     Plaintiff SIMONE TEAGLE alleges that Defendant MARIA GILBERT told her to fill out another Request for a Reasonable Accommodation detailing the times periods she expresses milk as well as the length of time used to express milk.

186.     Plaintiff SIMONE TEAGLE alleges that although she disagreed with Defendant MARIA GILBERT'S instructions as violative of the law, she filled out the form had it signed by Defendant JOZEF BAN and sent it to Defendant MARIA GILBERT via Department Mail.

187.     Plaintiff SIMONE TEAGLE alleges that from August 28, 2018, through September 17, 2018, Defendants' THE CITY OF NEW YORK; JAMES PATRICK O'NEILL and JERRY'OSULLIVAN failed and refused to provide her with reasonable accommodations such as assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

188.    Plaintiff SIMONE TEAGLE alleges that on or about September 17, 2018, in further retaliation for her complaints, Defendant JERRY O'SULLIVAN summarily transferred her from the 113th Precinct to another department facility.

**Plaintiff THERESA M. MAHON**

189.    Plaintiff THERESA M. MAHON alleges that while assigned to the 66th Precinct, beginning May 26, 2014, Defendant THE CITY OF NEW YORK through its agents Defendants' WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and MICHAEL DEDDO failed and refused to provide her with a proper location to express milk she has experienced severe engorgement, emotional distress and diminished milk supply.

190.    Plaintiff THERESA M. MAHON alleges that while assigned to the 66th Precinct, beginning May 26, 2014, Defendant THE CITY OF NEW YORK through its agents Defendants' WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and MICHAEL DEDDO failed and refused to provide her with a proper location to express milk she had to express milk in her personal vehicle.

191.    Plaintiff THERESA M. MAHON alleges that while assigned to the 66th Precinct, beginning May 26, 2014, Defendant THE CITY OF NEW YORK through its agents Defendants' WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and MICHAEL DEDDO failed and refused to provide her with a proper location to express milk she had to store the milk in her personal vehicle, or dump the milk.

192.    Plaintiff THERESA M. MAHON alleges that on or about May 26, 2014, she returned to the 66th Precinct assigned to the Telephone Switchboard.

193.     Plaintiff THERESA M. MAHON alleges that prior to her return she met with Defendant MICHAEL DEDDO, while breastfeeding her minor child in his office, he ensured she would return to her position in Domestic Violence.

194.     Plaintiff THERESA M. MAHON alleges that Defendant MICHAEL DEDDO failed to keep his promise.

195.     Plaintiff THERESA M. MAHON alleges that she felt so betrayed and punished for becoming pregnant and having a minor child.

196.     Plaintiff THERESA M. MAHON alleges that on or about September 21, 2014, Defendants' PHILLIP LAM and MICHAEL DEDDO ordered her to work overtime at the United Nations General Assembly (UNGA).

197.     Plaintiff THERESA M. MAHON alleges that she expressed her concerns that the assignment would interfere with her legal right to express milk as a nursing mother.

198.     Plaintiff THERESA M. MAHON alleges that Defendant PHILLIP LAM replied, " SO PUMP!"

199.     Plaintiff THERESA M. MAHON alleges that mortified, she walked away.

200.     Plaintiff THERESA M. MAHON alleges that later in the day she contacted the NYPD Office of Equity and inclusion.

201.     Plaintiff THERESA M. MAHON alleges she consulted with Defendant DOROTHY AIELLO.

202.     Plaintiff THERESA M. MAHON alleges that Defendant DOROTHY AIELLO declined to take her complaint because she claims there was no legal basis for a complaint.

203.     Plaintiff THERESA M. MAHON alleges that Defendant DOROTHY AIELLO referred her to the NYPD Legal Bureau.

204.    Plaintiff THERESA M. MAHON alleges that an NYPD Legal Advisor named "Ms. Lityle" or "Ms.Hityle" also declined to take her complaint because she claims there was no legal basis for a complaint.

205.    Plaintiff THERESA M. MAHON alleges that the legal advisor told her, Defendant PHILLIP LAM'S response was correct.

206.    Plaintiff THERESA M. MAHON alleges that the legal advisor told her upon arriving at her assignment, she should find the nearest NYPD facility and tell them that she needed to pump due to nursing.

207.    Plaintiff THERESA M. MAHON alleges that the legal advisor also told her that she abandoned her position in Domestic Violence and that the commanding officer can "do as he pleases," therefore, there was no legal basis for a complaint.

208.    Plaintiff THERESA M. MAHON alleges that the legal advisor transferred her back to Defendant DOROTHY AIELLO and issued NYPD OEEO Inquiry No.: 607514.

209.    Plaintiff THERESA M. MAHON alleges that on or about September 22, 2014, Defendants' PHILLIP LAM and MICHAEL DEDDO ordered her to work overtime at the United Nations General Assembly (UNGA).

210.    Plaintiff THERESA M. MAHON alleges that she expressed her concerns that the assignment would interfere with her legal right to express milk as a nursing mother.

211.    Plaintiff THERESA M. MAHON alleges that her tour commenced at 0405 hours.

212.    Plaintiff THERESA M. MAHON alleges that upon arriving at the detail, she notified the UNGA Sergeant that as a nursing mother she needed an accommodation to express milk.

213.     Plaintiff THERESA M. MAHON alleges that the UNGA Sergeant looked at her, looked at the ground and walked away.

214.     Plaintiff THERESA M. MAHON alleges that at approximately 1005 hours, her breasts engorged with milk.

215.     Plaintiff THERESA M. MAHON alleges that having no other option, she entered the rear seating area of her personal vehicle, removed the gun belt, protective vest and uniform shirt.

216.     Plaintiff THERESA M. MAHON alleges that she placed a towel over the rear passenger window for some privacy.

217.     Plaintiff THERESA M. MAHON alleges that she began expressing milk with the breast pump relieving the pain.

218.     Plaintiff THERESA M. MAHON alleges that while trying to place the expressed milk in the cooler, she accidentally spilled a portion of the milk and disrupted the cooling mechanism.

219.     Plaintiff THERESA M. MAHON alleges that therefore, the remainder of the express milk discarded.

220.     Plaintiff THERESA M. MAHON alleges that the assignment ended thirteen (13) hours later.

221.     Plaintiff THERESA M. MAHON alleges that on or about September 23, 2014, Defendants' PHILLIP LAM and MICHAEL DEDDO ordered her to work overtime at the United Nations General Assembly (UNGA).

222.     Plaintiff THERESA M. MAHON alleges that she expressed her concerns that the assignment would interfere with her legal right to express milk as a nursing mother.

223.     Plaintiff THERESA M. MAHON alleges that her tour commenced at 1115 hours.

224.     Plaintiff THERESA M. MAHON alleges that at approximately 1810 hours, her breasts engorged with milk.

225.     Plaintiff THERESA M. MAHON alleges that having no other option, she entered her the rear seating area of her personal vehicle, removed the gun belt, protective vest and uniform shirt.

226.     Plaintiff THERESA M. MAHON alleges that she placed a towel over the rear passenger window for some privacy.

227.     Plaintiff THERESA M. MAHON alleges that she began expressing milk with the breast pump relieving the pain.

228.     Plaintiff THERESA M. MAHON alleges that the assignment ended eleven (11) hours later.

229.     Plaintiff THERESA M. MAHON alleges that on or about September 24, 2014, Defendants' PHILLIP LAM and MICHAEL DEDDO ordered her to work overtime at the United Nations General Assembly (UNGA).

230.     Plaintiff THERESA M. MAHON alleges that she expressed her concerns that the assignment would interfere with her legal right to express milk as a nursing mother.

231.     Plaintiff THERESA M. MAHON alleges that her tour commenced at 1145 hours.

232.     Plaintiff THERESA M. MAHON alleges that at approximately 1630 hours, her breasts engorged with milk.

233. Plaintiff THERESA M. MAHON alleges that having no other option, she entered her the rear seating area of her personal vehicle, removed the gun belt, protective vest and uniform shirt.

234. Plaintiff THERESA M. MAHON alleges that she placed a towel over the rear passenger window for some privacy.

235. Plaintiff THERESA M. MAHON alleges that she began expressing milk with the breast pump relieving the pain.

236. Plaintiff THERESA M. MAHON alleges that the assignment ended twelve (12) hours later.

237. Plaintiff THERESA M. MAHON alleges that in Early 2016, she ceased expressing milk.

238. Plaintiff THERESA M. MAHON alleges that from May 24, 2014 through Early 2016, Defendants' PHILLIP LAM and MICHAEL DEDDO, refused to accommodate her legal right to express milk, several times her ducts clogged.

239. Plaintiff THERESA M. MAHON alleges that from May 24, 2014 through Early 2016, Defendants' PHILLIP LAM and MICHAEL DEDDO, refused to accommodate her legal right to express milk, while on patrol forced to express milk in her private vehicle.

240. Plaintiff THERESA M. MAHON alleges that from May 24, 2014 through Early 2016, Defendants' PHILLIP LAM and MICHAEL DEDDO, failed to notify the NYPD Office of Equity and Inclusion to seek guidance about her legal right to express milk.

241. Plaintiff THERESA M. MAHON alleges that throughout the aforementioned time period, Defendants' WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and MICHAEL DEDDO failed and refused to provide her with reasonable accommodations such as

assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

**Plaintiff MELISSA SOTO-GERMOSEN**

242.    Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she has experienced severe engorgement, Mastitis, emotional distress and cessation of her milk supply.

243.    Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she had to express milk in-front of other female officers.

244.    Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she had to pump in a female bathroom.

245.    Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she had to pump in the female locker room.

246.     Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she had to express milk in her personal vehicle.

247.     Plaintiff MELISSA SOTO-GERMOSEN alleges that while assigned to the 42nd Precinct, beginning April 17, 2017, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and ERNEST MORALES, III failed and refused to provide her with a proper location to express milk she had to store the in a refrigerator located in the male lounge, or dump the milk.

248.     Plaintiff MELISSA SOTO-GERMOSEN alleges that or about April 17, 2017, she returned to the 42nd Precinct as requested by Defendant ERNEST MORALES, III to again manage the Explorer's Program.

249.     Plaintiff MELISSA SOTO-GERMOSEN alleges that she met with Defendants' MICHELLE BRAY and ERNEST MORALES, III, while playing with his smartphone without looking at her, Defendant ERNEST MORALES, III, told her to pick a squad.

250.     Plaintiff MELISSA SOTO-GERMOSEN alleges that she felt so betrayed and punished for becoming pregnant and having a minor child.

251.     Plaintiff MELISSA SOTO-GERMOSEN alleges that she pleaded with Defendants' MICHELLE BRAY and ERNEST MORALES, III, to accommodate her with a similar tour because as they were fully aware, she cares for an autistic child.

252.     Plaintiff MELISSA SOTO-GERMOSEN alleges that Defendants' MICHELLE BRAY and ERNEST MORALES, III, granted her two (2) weeks before assigning her to a squad.

253.    Plaintiff MELISSA SOTO-GERMOSEN alleges that she expressed her concern as a nursing mother regarding her legal right to express milk, Defendants' MICHELLE BRAY and ERNEST MORALES, III, both smiled.

254.    Plaintiff MELISSA SOTO-GERMOSEN alleges that Defendants' MICHELLE BRAY and ERNEST MORALES, III, sarcastically asked, "So, does that mean you cannot be sent to any outside commands?"

255.    Plaintiff MELISSA SOTO-GERMOSEN alleges that Defendants' MICHELLE BRAY and ERNEST MORALES, III, then abruptly ended the meeting.

256.    Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, eventually her milk supply ceased.

257.    Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, forced to pump by hand in private rest rooms while out on patrol.

258.    Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, forced to pump in the female locker room with no privacy.

259.    Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, forced to pump in the female locker filled with dust, bed bugs and smell of pesticide.

260.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, several times her ducts clogged including infections.

261.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, while on patrol forced to express milk into private toilets to relieve the pressure in her breasts.

262.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, while on patrol forced to express milk in her private vehicle.

263.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, refused to accommodate her legal right to express milk, refused to fit her with another protective vest to accommodate her new breast size.

264.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III, failed to notify the NYPD Office of Equity and Inclusion to seek guidance about her legal right to express milk.

265.     Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III failed to notify the NYPD Office of Equity and Inclusion about their conduct towards her as required by department policy.

266.    Plaintiff MELISSA SOTO-GERMOSEN alleges that from April 17, 2017 through September 2017, Defendants' MICHELLE BRAY and ERNEST MORALES, III failed to notify the NYPD Internal Affairs Bureau about their conduct towards her as required by department policy.

267.    Plaintiff MELISSA SOTO-GERMOSEN alleges that afraid of retaliation, she failed to notify the NYPD Office of Equity and Inclusion about Defendants' MICHELLE BRAY and ERNEST MORALES, III'S conduct and protecting her legal right to express milk.

268.    Plaintiff MELISSA SOTO-GERMOSEN alleges that throughout the aforementioned time period, Defendants' JAMES PATRICK O'NEILL; ERNEST MORALES, III and MICHELLE BRAY failed and refused to provide her with reasonable accommodations such as assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

**Plaintiff VIVIANA AYENDE**

269.    Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she has experienced severe engorgement, Mastitis, emotional distress and diminished milk supply.

270.    Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES

PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she had to express milk in-front of other female officers.

271. Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she had to pump in a female bathroom.

272. Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she had to pump in the female locker room.

273. Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she had to express milk in her personal vehicle.

274. Plaintiff VIVIANA AYENDE alleges that while assigned to the Central Park Precinct, beginning March 2013, Defendant THE CITY OF NEW YORK through its agents Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with a proper location to express milk she had to store the milk in her locker, or dump the milk.

275.     Plaintiff VIVIANA AYENDE alleges that in or around March 2013, she returned to the Central Park Precinct assigned to Squad A-3, the Midnight Tour.

276.     Plaintiff VIVIANA AYENDE alleges that she felt so betrayed and punished for becoming pregnant and having a minor child.

277.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, eventually her milk diminished and forced to take child care leave.

278.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, forced to pump in the female locker room with no privacy.

279.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, several times her ducts clogged including infections.

280.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, while traveling home forced to express milk into private toilets to relieve the pressure in her breasts.

281.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, while on patrol forced to express milk in her private vehicle.

282.     Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, refused to accommodate her legal right to express milk, fail to re-fit her with another protective vest to accommodate her new breast size.

283.    Plaintiff VIVIANA AYENDE alleges that from March 2013 through November 2013, Defendant JESSICA COREY, failed to notify the NYPD Office of Equity and Inclusion to seek guidance about her legal right to express milk.

284.    Plaintiff VIVIANA AYENDE alleges that in May 2015, the birth of her minor children, remained out on child care leave based upon her prior experience with Defendant JESSICA COREY refusing to accommodate her legal right to express milk.

285.    Plaintiff VIVIANA AYENDE alleges that afraid of retaliation, she failed to notify the NYPD Office of Equity and Inclusion about Defendant JESSICA COREY'S conduct and protecting her legal right to express milk.

286.    Plaintiff VIVIANA AYENDE alleges that throughout the aforementioned time period, Defendants' RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL and JESSICA COREY failed and refused to provide her with reasonable accommodations such as assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

**Plaintiff ELIZABETH ORTIZ**

287.    Plaintiff ELIZABETH ORTIZ alleges that on or about August 24, 2018, while assigned to Narcotics Borough Queens, Defendant KEVIN MURTHA informed her that effective immediately the department transferred her from Narcotics Borough Queens back to the 61st Precinct.

288.    Plaintiff ELIZABETH ORTIZ alleges that Defendant KEVIN MURTHA ordered her to report to the 61st Precinct the next business day.

289.     Plaintiff ELIZABETH ORTIZ alleges that Defendant KEVIN MURTHA informed her that any vacation time would not be honored.

290.     Plaintiff ELIZABETH ORTIZ alleges that Defendant KEVIN MURTHA knew that she was a nursing mother but, never addressed her legal right to express milk

291.     Plaintiff ELIZABETH ORTIZ alleges that Defendant KEVIN MURTHA failed to notify the NYPD Office of Equity and Inclusion to seek guidance about her legal right to express milk.

292.     Plaintiff ELIZABETH ORTIZ alleges that on or about August 27, 2018, she had a conversation with Defendant MIGUEL GARCIA (Delegate – Police Benevolent Association of the City of New York) and expressed her concerns about Defendant THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; JAMES PATRICK O'NEILL and JAMES KING failing to protect her legal right to express milk.

293.     Plaintiff ELIZABETH ORTIZ alleges that Defendant MIGUEL GARCIA replied "I'm sure you can use a van for that."

294.     Plaintiff ELIZABETH ORTIZ alleges that when she expressed her concerns about working outside of the command Defendant MIGUEL GARCIA replied "I'm sure you can figure it out when you are there."

295.     Plaintiff ELIZABETH ORTIZ alleges that she attempted to contact Defendant KEVIN MURTHA to no avail.

296.     Plaintiff ELIZABETH ORTIZ alleges that afraid of retaliation, she failed to notify the NYPD Office of Equity and Inclusion about protecting her legal right to express milk.

297.     Plaintiff ELIZABETH ORTIZ, alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents

Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her with a proper location to express milk she had experienced severe engorgement, Mastitis, emotional distress and cessation of her milk supply.

298.    Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her with a proper location to express milk she had to express milk in-front of other female officers.

299.    Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her with a proper location to express milk she must had to in a female bathroom.

300.    Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her with a proper location to express milk she had to pump in the female locker room.

301.    Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JAMES KING has failed and refused to provide her with a proper location to express milk she had to express milk in her personal vehicle.

302.    Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her

with a proper location to express milk she had to store the expressed milk with ice packs inside of her personal vehicle, refrigerators at work.

303. Plaintiff ELIZABETH ORTIZ alleges that while assigned to the 61st Precinct, beginning September 2, 2018, Defendant THE CITY OF NEW YORK through its agents Defendant JAMES KING told her that if she wanted to take a 'breast pump' break that she needed to make an entry into the Interrupted Patrol Log.

304. Plaintiff ELIZABETH ORTIZ alleges that she informed supervisors that as a member of the administrative staff and that no other member must write their personal breaks in the Interrupted Patrol Log. Also, that the Interrupted Patrol Log used to monitor patrol personnel that enter the stationhouse during the tour.

305. Plaintiff ELIZABETH ORTIZ alleges that on or about September 3, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' JAMES PATRICK O'NEILL; JAMES KING and KEVIN MURTHA ordered her to work J'ouvert seventeen (17) hours.

306. Plaintiff ELIZABETH ORTIZ alleges that in or around Mid-September 2018, she contacted NYPD Employee Relations Unit.

307. Plaintiff ELIZABETH ORTIZ alleges that the NYPD Employee Relations Unit failed to notify the NYPD Office of Equity and Inclusion about protecting her legal right to express milk.

308. Plaintiff ELIZABETH ORTIZ alleges that a few days later, she met with Defendants' JAMES KING; HOWARD ZWEBEN and PAWEL MASLINSKI in Defendant JAMES KING'S office.

309.     Plaintiff ELIZABETH ORTIZ alleges that Defendant JAMES KING accused her of having a sense of 'entitlement' to go above the chain of command by calling an outside unit (NYPD Employee Relations Unit) to get day tours.

310.     Plaintiff ELIZABETH ORTIZ alleges that Defendant JAMES KING belittled her mentioning the 'lack of a five-year hash mark' on her arm.

311.     Plaintiff ELIZABETH ORTIZ alleges that Defendant JAMES KING posited, "Why are you rookies always doing things like this?"

312.     Plaintiff ELIZABETH ORTIZ alleges that when she told Defendant JAMES KING that she contacted the NYPD Employee Relations Unit because she is having some personal difficulties, he ridiculed her.

313.     Plaintiff ELIZABETH ORTIZ alleges that Defendant JAMES KING chided her in a whiny voice, Aww, you do not want midnights because you are tired? Yeah…midnights suck. You are not the only cop here on midnight with a child."

314.     Plaintiff ELIZABETH ORTIZ alleges that she left Defendant JAMES KING'S office feeling utterly humiliated and defeated.

315.     Plaintiff ELIZABETH ORTIZ alleges that the Defendant JAMES KING; HOWARD ZWEBEN and PAWEL MASLINSKI failed to notify the NYPD Office of Equity and Inclusion about protecting her legal right to express milk.

316.     Plaintiff ELIZABETH ORTIZ alleges that the Defendant JAMES KING; HOWARD ZWEBEN and PAWEL MASLINSKI failed to notify the NYPD Office of Equity and Inclusion about their conduct towards her as required by department policy.

317.    Plaintiff ELIZABETH ORTIZ alleges that the Defendant JAMES KING; HOWARD ZWEBEN and PAWEL MASLINSKI failed to notify the NYPD Internal Affairs Bureau about their conduct towards her as required by department policy.

318.    Plaintiff ELIZABETH ORTIZ alleges that afraid of retaliation, she failed to notify the NYPD Office of Equity and Inclusion about Defendant JAMES KING; HOWARD ZWEBEN and PAWEL MASLINSKI'S conduct and protecting her legal right to express milk.

319.    Plaintiff ELIZABETH ORTIZ alleges that she decided to just 'suck it up' but, the midnight tours wreaked havoc upon her ability to express milk.

320.    Plaintiff ELIZABETH ORTIZ alleges that her milk supply rapidly declined.

321.    Plaintiff ELIZABETH ORTIZ alleges that Defendant KEVIN CASCONE rarely granted her any personal breaks.

322.    Plaintiff ELIZABETH ORTIZ alleges that the few times she had an opportunity to express milk, she had to use the lounge area often occupied with other police officers on meal.

323.    Plaintiff ELIZABETH ORTIZ alleges that other times she would have to pump in the female locker room with no accommodations therefore, she had to place the pump on the floor while she expressed milk seated on a wooden chair.

324.    Plaintiff ELIZABETH ORTIZ alleges that several times while transferring the milk to the storage bags, she spilled precious ounces depriving her child of the nourishment.

325.    Plaintiff ELIZABETH ORTIZ alleges that on or about September 21, 2018, she transferred to the day tours but, her experiences did not change.

326.    Plaintiff ELIZABETH ORTIZ alleges that after three (3) months of inadequate breaks, accommodations, lack of a sanitary pumping environment, engorged breasts with clogged ducts, blisters and emotional distress, she decided to cease expressing milk.

327. Plaintiff ELIZABETH ORTIZ alleges that on or about October 5, 2018, she ceased expressing milk, quickly accelerating towards postpartum depression.

328. Plaintiff ELIZABETH ORTIZ alleges that in or around December 2018, the NYPD Psychological Services Unit placed her on 'Restricted Duty.'

329. Plaintiff ELIZABETH ORTIZ alleges that throughout the aforementioned time period, Defendants' JAMES PATRICK O'NEILL and JAMES KING failed and refused to provide her with reasonable accommodations such as assignments conducive to her physical limitations, equipment changes or modifications, assignments to ensure her legal right to express milk during work hours is protected and a proper location to express milk.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### PREGNANCY DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

330. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 329 and incorporates them by reference as Paragraphs 1 through 329 of Count I of this Complaint.

331. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of pregnancy discrimination against them with respect to the terms, conditions and privileges of employment because of their gender.

332. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that Defendant THE CITY OF NEW YORK knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

333.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the discriminatory acts of Defendant THE CITY OF NEW YORK caused them to suffer depression and anxiety.

334.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around August 15, 2007, to this day.

335.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the acts of Defendant THE CITY OF NEW YORK under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

336.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 335 and incorporates them by reference as Paragraphs

1 through 335 of Count II of this Complaint.

337. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards them with respect to the terms, conditions and privileges of employment because of their gender.

338. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that the cruel and hostile acts of Defendant THE CITY OF NEW YORK through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

339. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 338 and incorporates them by reference as Paragraphs 1 through 338 of Count III of this Complaint.

340. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such

complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

341.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that as a result of the illegal acts of Defendant THE CITY OF NEW YORK through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT IV**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

342.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 341and them by reference as Paragraphs 1 through 341 of Count IV of this Complaint.

343.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN

MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, oppression, bad faith and cover-up, directed at them from in or around August 15, 2007, to this day.

344.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE acting individually and in their official capacities as a public officials of Defendant THE CITY OF NEW YORK under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

345.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE

CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES

PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA

MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT

NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO;

ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN

MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN

CASCONE under color of law caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

### COUNT V
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

346.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members re-alleges Paragraphs 1 through 345 and incorporates them by reference as Paragraphs

1 through 345 of Count V of this Complaint.

347.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO;

MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE

CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES

PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA

MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT

NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at them with respect to the terms, conditions and privileges of employment because of their gender.

348.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE acting individually and in their official capacities as a public officials of Defendant THE CITY OF NEW YORK under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

349.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VI**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

350.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 349 and incorporates them by reference as Paragraphs 1 through 349 of Count VI of this Complaint.

351.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES

PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA
MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT
NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO;
ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN
MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN
CASCONE intentionally engaged in an outrageous and systematic pattern of pregnancy
discrimination, hostility, oppression, bad faith and cover-up, directed at them from in or around
August 15, 2007, to this day.

352. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-
GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class
Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO;
MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE
CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES
PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA
MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT
NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO;
ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN
MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN
CASCONE acting individually and in their official capacities as a public officials of Defendant
THE CITY OF NEW YORK under color of law, and having been fully advised that they are
being deprived of their constitutional rights, either acted in a concerted, malicious intentional
pattern to retaliate against them for opposing pregnancy discrimination and filing such
complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

353.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

### COUNT VII
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

354.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 353 and incorporates them by reference as Paragraphs 1 through 353 of Count VII of this Complaint.

355.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendant THE CITY OF NEW YORK through its agents caused their injuries.

356.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting pregnancy discrimination and related claims under color of law.

357.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendant THE CITY OF NEW YORK through its agents deprived them of their constitutional and statutory rights.

358.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendant THE CITY OF NEW YORK through its agents caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VIII**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

359.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 358 and incorporates them by reference as Paragraphs 1 through 358 of Count VIII of this Complaint.

360.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

361.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE discriminated against them because of their gender.

362.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO;

ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination and great humiliation.

363.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT IX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

364.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 363 and incorporates them by reference as Paragraphs 1 through 363 of Count IX of this Complaint.

365.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

366.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

367.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE engaged in various hostile actions against them based upon their gender.

368.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of

Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination.

369.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT X**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

370. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 369 and incorporates them by reference as Paragraphs 1 through 369 of Count X of this Complaint.

371. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

372. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

373. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY

AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

374.   Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination and great humiliation.

375.   Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE;

TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT XI**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

376. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 375 and incorporates them by reference as Paragraphs 1 through 375 of Count XI of this Complaint.

377. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

378. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE discriminated against them because of their gender.

379. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination and great humiliation.

380. Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH

BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE;

TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN;

KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY

AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING;

KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and

KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis,

emotional distress, postpartum depressions, cessation of their milk supply and other related

medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

### COUNT XII
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

381.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members re-alleges Paragraphs 1 through 380 and incorporates them by reference as Paragraphs

1 through 380 of Count XII of this Complaint.

382.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that New York City Administrative Code § 8-107, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their gender.

383.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

384.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE engaged in various hostile actions against them based upon their gender.

385.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN

MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination.

386.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

387.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members re-alleges Paragraphs 1 through 386 and incorporates them by reference as Paragraphs 1 through 386 of Count XIII of this Complaint.

388.     Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that New York City Administrative Code § 8-107, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their gender.

389.   Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that the law also makes it unlawful to create an atmosphere where retaliation is

encouraged and/or tolerated.

390.   Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH

BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE;

TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN;

KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY

AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING;

KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and

KEVIN CASCONE engaged in various retaliatory actions against them for opposing pregnancy

discrimination and filing such complaints with its agents, the NYPD Office of Equity and

Inclusion and the EEOC.

391.   Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-

GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class

Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, they suffered the indignity of pregnancy discrimination and great humiliation.

392.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional

reputation.

**JURY TRIAL**

393.    Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members demands a trial by jury of all issues in this action that are so triable

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members pray that the Court enter an Order of Judgment in their favor and against Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, containing the following relief:

A.    An ORDER finding that the NYPD'S policies and practices violate Title VII of the Civil Rights Act of 1964, New York State Executive Law § 296 and New York City Administrative Code § 8-107, and enjoining Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM

JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE

KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE

LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM;

DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY;

JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL

MASLINSKI and KEVIN CASCONE and their agents from further implementation and

enforcement of their reasonable accommodation policies regarding disabilities, pregnancy and

expressing milk until such policies are re-written consistent with prevailing law and final

approval of the United States Department of Justice, United States Equal Employment

Opportunity Commission, New York State Division of Human Rights and the New York City

Commission on Human Rights;

  B.  An award of compensatory damages against Defendants' THE CITY OF NEW YORK;

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA

WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER

KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS

SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN;

ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO;

PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY;

JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD

ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, jointly or severally in an amount to

be determined at trial, plus prejudgment interest, to compensate Plaintiffs' SIMONE TEAGLE,

THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and

ELIZABETH ORTIZ and the other Rule 23 Class Members for all monetary and/or economic

damages, including, but not limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

C. An award of punitive damages against Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATH; LISETTE CAMILO; RAYMOND WALTER KELLY; WILLIAM JOSEPH BRATTON; JAMES PATRICK O'NEILL; DERMOT FRANCIS SHEA; TRACIE KEESEE; TANYA MEISENHOLDER; JERRY O'SULLIVAN; JOZEF BAN; ROXANNE LUDEMANN; KURT NASON; MARIA GILBERT; MICHAEL DEDDO; PHILLIP LAM; DOROTHY AIELLO; ERNEST MORALES, III; MICHELLE BRAY; JESSICA COREY; JAMES KING; KEVIN MURTHA; MIGUEL GARCIA; HOWARD ZWEBEN; PAWEL MASLINSKI and KEVIN CASCONE, jointly or severally in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members for all monetary and/or economic damages, including, but not limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

D. An award of costs that Plaintiffs' SIMONE TEAGLE, THERESA M. MAHON, MELISSA SOTO-GERMOSEN, VIVIANA AYENDE and ELIZABETH ORTIZ and the other Rule 23 Class Members have incurred in this action, including, but not limited to, expert witness fees, 'reasonable' attorneys' fees and costs to the fullest extent permitted by law; and,

E. Such other and further relief as the Court may deem just and proper.

Dated:  December 23, 2019
        New York, NY

                              Respectfully submitted,

                              By:     _____s_____
                                      Eric Sanders (ES0224)

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              30 Wall Street, 8th Floor
                              New York, NY 10005
                              (212) 652-2782 (Business Telephone)
                              (212) 652-2783 (Facsimile)

                              Website: http://www.thesandersfirmpc.com