

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2601

**KAMI Z. BARKER**
*Senior Counsel*
(212) 356-2440
kbarker@law.nyc.gov

October 7, 2022

**BY ECF**
Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>Teagle, et al. v. City of New York, et. al.</u>,
             19-cv-07211 (DLI)(TAM)

Dear Judge Merkl:

      I am Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants in this case. Defendants respectfully submit this joint status letter on behalf of all parties, pursuant to the Court's Individual Rules. Below are the parties' respective positions regarding discovery:

**<u>Defendants' Position:</u>**

      **A.**      **Outstanding Discovery Issues**

      On September 13, 2022, defendants filed their second motion to compel and second motion for sanctions for failure to comply with multiple court orders. This filing outlined the numerous deficiencies in plaintiffs' production and repeated disregard for court-ordered deadlines, which have been the subject of multiple motions and status letters since April of this year. A status conference was held on September 15, 2022, after which the Court ordered plaintiffs' counsel to complete the following by September 19, 2022: (1) provide verified responses to defendants' interrogatories in response to Plaintiff Mahon, including interrogatories regarding plaintiffs' damages, (2) respond with specificity to defendants' document requests 19, 25, 27, 28, 31, 37, 40, 43, 44, 49, 51, 52, 53, 54, 56, 60, and 61, and (3) meet and confer regarding the other deficiencies outlined in defendants' second motion to compel.

      The parties met and conferred the evening of September 15, 2022, during which plaintiffs' counsel provided defendants' counsel with a Dropbox link. The link contained several of the documents outlined in defendants' deficiency letter, but not all. Thus, later that evening, the undersigned emailed plaintiffs' counsel informing him of all the discovery that was still outstanding. *See* September 15, 2022 email, annexed hereto as Exhibit "A."

      The following day, the parties again briefly met and conferred to discuss Plaintiff Ortiz's productions. Moreover, the parties met and conferred after plaintiff's continued depositions

on September 19, 2022 when the undersigned pointed out that plaintiff's September 5, 2022 supplemental interrogatory responses still required verification and promised to follow up later with a delineation of the still outstanding discovery.

To be sure, following the depositions, defendants' counsel emailed plaintiff's counsel on September 19, 2022, outlining the outstanding discovery in addition to the missing verifications as follows:

1. **Teagle**
    a. HIPAA releases for Dr. Mosale, Dr. Goldstein and related providers, Dr. Faye, Dr. Crishman, Dr. Nelson, and any other doctors (including plastic surgeons) she has seen since 2018
    b. Memo books
    c. Retainer and billing
    d. Federal and state taxes from 2013 to present
2. **Mahon**
    a. HIPAA for Dr. Shaham, Terry Manger, and any other doctors she has seen since 2014
    b. Memo books from September 2014 to April 30, 2016
3. **Soto-Germosen**
    a. HIPAA for Crystal Run in Monroe and Middletown
4. **Ortiz**
    a. HIPAA for Dr. Dodis Kohan, Nuna Alberts, Dr. Ariella Frieder Zucker Hillside, Vitan, and ECU Hospital
    b. Memo book entries through December 2018[1]
5. **Ayende**
    a. HIPAA for Dr. Angelo Kumela, Caremount, Westchester Medical Center, Dr. Dicktabong, Danbury, NYP Columbia, Mental Hygiene Court, Marc Janosen, Kimberly Nissel, and any other mental health providers
    b. Memo book entries
    c. Tax documents from 2013 to present.

*See* September 19, 2022 email, annexed hereto as Exhibit "B."

Notably, the outstanding discovery is the same discovery defendants have sought for over a year, and defendants also offered to coordinate a phone call if there were any questions concerning the outstanding demands. However, plaintiffs' counsel did not respond after 10 days. So, on September 29, 2022, the undersigned emailed him again, repeating her inquiry regarding the outstanding discovery. *See* September 29, 2022 email, annexed hereto as Exhibit "C."

This email also reminded plaintiffs' counsel to provide a verification for plaintiffs' supplemental discovery responses from September 5, 2022. However, to date, defendants have not

---

[1] Ortiz testified that she turned over all the books in her possession, however defendants only have memo books through November 7, 2018. Defendants asked Plaintiffs' counsel to confirm whether the records previously produced were all that Ortiz turned over.

received any kind of response to their inquiries.[2] Plaintiffs' counsel has failed to comply with the September 15, 2022 Order, and has not provided defendants with most of the outstanding documents identified in defendants' September 19, 2022 email, which are documents defendants have repeatedly sought for over a year and brought to the Court's attention on at least five separate occasions. Therefore, plaintiffs have not fully cured their discovery deficiencies and are now in violation of multiple Court orders.[3]

   **B.**  **Motion to Compel**

Given the above failure to correct discovery deficiencies, defendants now renew their motion to compel. While the September 19, 2022 depositions successfully narrowed some of the outstanding discovery demands, many of the outstanding documents—such as HIPAA releases, tax documents, retainer, and billing documents—contain critical information that cannot simply be testified to. Defense counsel carefully outlined the remaining outstanding documents in an email. Yet, plaintiffs' counsel has been completely unresponsive for nearly three weeks. This lack of response reflects a complete disregard for the September 15, 2022 Order, which ordered plaintiffs to provide verified responses to interrogatories and respond with specificity to certain document demands. Therefore, defendants renew their motion to compel.

   **C.**  **Class Certification Motion**

The current deadline to take the first step in motion practice for Plaintiffs' anticipated motion for class certification is October 28, 2022.

**Plaintiffs' Position**

1. Teagle
   a. I am still awaiting the outstanding HIPPA release as I have been tied up in other legal matters.
   b. Plaintiff has already testified, since she's retired, she likely does not have any activity logs in her possession. Again, I will check again with Mrs. Teagle.
   c. Prior to the deposition, I reminded the City, these documents are in the Dropbox Folder dated September 17, 2022 Retainer Agreement Bate Stamp Nos.: 199 – 204 and Matter Billing Bate Stamp Nos.; 205 – 209.
   d. Prior to the deposition, I reminded the City, the NYS Taxes are in the Dropbox Folder dated September 5, 2022 Calendar Years 2013 – 2019 Bate Stamp Nos.: 11 – 103, Calendar Year 2020 and Calendar Year 2021. I will check with Mrs. Teagle regarding authorizations regarding the federal taxes for Calendar Years 2013 – 2021.
2. Mahon
   a. I am still awaiting the outstanding HIPPA release as I have been tied up in other legal matters.

---

[2] The only thing defendants have received is a DropBox notification alerting them that Plaintiff Teagle uploaded her 2021 tax returns, but all others are still outstanding.
[3] It should be noted that Plaintiff Ortiz has been particularly forthcoming in her production of documents. Defendants, therefore, do not believe that she has been willful in her refusal to turn over.

   b. For the Activity logs, I am still awaiting the outstanding activity logs but, I find it highly unusual the City wants each and every page photocopied.

3. Soto-Germosen
   a. I am still awaiting the outstanding HIPPA release as I have been tied up in other legal matters.
4. Ortiz.
   a. I am still awaiting the outstanding HIPPA release as I have been tied up in other legal matters.
   b. Plaintiff has already testified, since she's retired, she likely does not have any activity logs in her possession. Again, I will check again with Mrs. Titus.
5. Ayende
   a. I am still awaiting the outstanding HIPPA release as I have been tied up in other legal matters.
   b. Plaintiff has already testified, the activity logs are probably lost due to a flooding incident, she likely does not have any activity logs in her possession. Again, I will check again with Mrs. Ayende.
   c. I will check with Mrs. Ayende regarding the status of the tax release authorizations.

  Again, I have been tied up with other legal matters, then to have to respond to this letter when most of the documents have already been provided is a total waste of time. Notwithstanding the fact, I have now reproduced these same documents several times over the course of this litigation. I should have an answer about the remaining things (mostly HIPPA release) within a couple of days. Other than that, these remaining administrative matters will not delay the certification process.

  Therefore, the Court should deny the motion to compel, instead plaintiffs suggest one final status report because I anticipate a dispute regarding these activity logs.

                Respectfully submitted,

                /s/
                Kami Z. Barker
                Senior Counsel

CC: **THE SANDERS FIRM, P.C.**
   Eric Sanders, Esq.
   *Attorney for Plaintiffs*
   (Via ECF)